(39 Misc. Rep. 356.)

## In re HAYT.

(Supreme Court, Special Term, New York County.   December, 1902.)

1. NATIONAL BANK STOCK—LOSS OF CERTIFICATE.
    Stock Corporation Law (Laws 1892, c. 688, §§ 50, 51) provides for the issuance of a certificate of stock in the place of one lost by the holder on application to the supreme court.   *Held* to apply to an application by a stockholder of a national bank, who has lost her certificate of stock, for the issuance of a new one, under Stat. 1882, c. 290, § 4 [U. S. Comp. St. 1901, p. 3458], providing that the courts of a state shall have the same jurisdiction over suits by or against national banks which they have over suits against banks not organized under any law of the United States.

Application by Augusta B. Hayt to compel issuance of a duplicate certificate of stock.   Motion to modify order.   Granted.

Louis F. Doyle, for the motion.
Ed. E. Merceles, opposed.

BISCHOFF, J.   The point in dispute touches the power of the legislature to provide for the issuance of a certificate of stock by a national bank in the place of a certificate lost by the holder.   Sections 50 and 51 of the stock corporation law (Laws 1892, c. 688) are not restricted in their application to domestic corporations, and are so framed as to apply generally to any stock corporation coming within the jurisdiction of the court; but it is insisted that the respondent, because a national bank, is not to be affected by legislation of this kind.   In matters pertaining to their internal management, as federal agencies, national banks cannot be controlled by state laws, nor can a state law prevail where the same subject is covered by an act of congress, nor where the effect of the state law would be to impair the efficiency of these agencies in the discharge of the duties which they were created to perform (McClellan v. Chipman, 164 U. S. 347, 17 Sup. Ct. 85, 41 L. Ed. 461 ; Davis v. Bank, 161 U. S. 275, 16 Sup. Ct. 502, 40 L. Ed. 700; Waite v. Dowley, 94 U. S. 527, 24 L. Ed. 181), and the transferable quality of the bank's stock is a matter without the

control of state laws, for the reason that the subject has been regulated by act of congress (Rev. St. U. S. § 5139 [U. S. Comp. St. 1901, p. 3461]), which provides that the stock shall be "transferable on the books of the association in such manner as may be prescribed in the by-laws or articles of association" (Continental Nat. Bank v. Eliot Nat. Bank [C. C.] 7 Fed. 369).

The present question—i. e., the availability of a remedy given by a state statute to a stockholder who has lost his certificate of stock—does not relate to the transfer of stock, nor to the negotiable character of stock when issued. The internal management or policy of the bank is not affected, and the remedy thus afforded to the stockholder does not subject the bank to any burdens which might touch it in its character as a federal agency. The bank is not made liable, as upon a double issue, for the liability is transferred to the bond, and the requirement of the order in such a proceeding is not for an issue of stock, but for the furnishing of evidence to the stockholder of his actual holding. The proceeding is to enforce a right given by the statute, but the right is not in conflict with federal laws, nor with any policy upon which the national banking system is founded.; and in the enforcement of rights generally, whether based upon a statute or otherwise, the courts of this state have the same jurisdiction over national banks as over banks organized under state laws. The statutes of the United States provide:

"That the jurisdiction for suits hereafter brought by or against any association established under any law providing for national banking associations * * * shall be the same as, and not other than, the jurisdiction for suits by or against banks not organized under any law of the United States which do or might do banking business where such national banking associations may be doing business when such suits may be begun." Stat. 1882, c. 290, § 4 [U. S. Comp. St. 1901, p. 3458].

And see Hiscock v. Lacy, 9 Misc. Rep. 598, 30 N. Y. Supp. 860.

The word "suit" comprehends not alone actions at law, but every judicial proceeding for the enforcement of a right (Bouv. Law Dict. ad verb.), and thus includes such a proceeding as this. The order heretofore granted was not, therefore, beyond the jurisdiction of this court to make, but the motion for a modification will be granted so far as to provide for publication of notice, as sought by the moving party, an insertion of the notice in two papers, once a week for three weeks, being deemed sufficient.

Ordered accordingly.